**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DE YI HE,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MAHONING COUNTY JAIL, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-2584<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge Darrell A. Clay |

**OPINION AND ORDER**

Petitioner De Yi He, a citizen and national of China unlawfully present in the United States since 2023, has been detained in immigration custody since February 10, 2026 and ordered removed from the country on June 10, 2026. An immigration judge ordered him held without bond, which prompted him to file this petition for a writ of habeas corpus without a lawyer as well as a motion for a temporary restraining order. He seeks his immediate release from detention or, in the alternative, a bond hearing. For the following reasons, the Court **DISMISSES** the petition **WITHOUT PREJUDICE**.

**STATEMENT OF FACTS**

According to Petitioner, Mr. He entered the United States in March 2023 and lived in New York since then. (ECF No. 1, PageID #6.) In New York, Mr. He represents that he has a home, a job, family support, and church community. (*Id.*) He provides no information regarding how he ended up in detention or other

circumstances relating to his immigration status, but on June 10, 2026 he was ordered removed from the United States. (*Id.*, PageID #4.) He has appealed that ruling to the Board of Immigration Appeals, and that appeal remains pending. (*Id.*)

On March 12, 2026, the immigration court in Cleveland, Ohio ruled that it did not have the authority to redetermine his bond and ordered him detained in the Mahoning County, Ohio jail. (*Id.*) For this reason, Mr. He claims that an appeal to the Board of Immigration Appeals would be futile. (ECF No. 1, PageID #7.) He alleges that he is not a danger or flight risk and that a cousin who lives in New York will sponsor him. (*Id.*, PageID #6.)

## STATEMENT OF THE CASE

Previously, Mr. He brought the same claims in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See He v. Warden of Mahoning Cnty. Jail*, No. 3:26-cv-549 (filed Apr. 16, 2026). The Court denied that petition without prejudice on April 21, 2026 for various reasons, including its holding that Mr. He needed to exhaust his administrative remedies before pursuing relief through a writ of habeas corpus and that doing so would not be futile. Because the Court denied that petition without prejudice, Mr. He's present petition does not constitute a true second or successive petition under 28 U.S.C. § 2244(a).

On October 2, 2026, Petitioner filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In this petition, he alleges that his detention has becomes prolonged and violates the Fifth Amendment, as does the failure to afford him an individualized bond determination. (*Id.*, PageID #6.) In

short, he seeks relief from the order of detention pursuant to which he is held. Also, he moves for a temporary restraining order (ECF No. 2) and seeks an expedited hearing on his motion (ECF No. 3).

**HABEAS STANDARD**

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. This statute requires an initial screening of a petition. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner. *Id.* "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

## I. Prudential Exhaustion

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the [habeas] petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). In *Leonardo*, the petitioner pursued habeas review of the Immigration Court's adverse bond determination before he appealed to the Board of Immigration Appeals. *Id.* The Ninth Circuit determined that filing a habeas petition in federal district court was improper because the petitioner "should have exhausted

administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Id.* (citing *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003)).

The Sixth Circuit has endorsed this procedure for challenging bond determinations, albeit in a short, unpublished order. *See Rabi v. Sessions*, No. 19-3249, 2018 U.S. App. LEXIS 19661, at *1–2 (6th Cir. July 16, 2018) (citing *Leonardo*, 646 F.3d at 1160); *see also Hernandez Torrealba*, 2025 WL 2444114, at *8 (applying the Ninth Circuit's test for prudential exhaustion). Previously, the Court has done so as well in several cases in addition to the one involving Mr. He's prior petition. *See Tecum Pastor v. Director of Detroit Field Off., U.S. Immigr. & Customs Enf't*, 814 F. Supp. 3d 875, 881 (N.D. Ohio 2025); *Monroy Villalta v. Greene*, 794 F. Supp. 3d 528, 530 (N.D. Ohio 2025); *Laguna Espinoza v. Director of Detroit Field Off., U.S. Immigr. & Customs Enf't*, No. 4:25-cv-02107, 2025 WL 2878173, at *2 (N.D. Ohio Oct. 9, 2025); *Ba*, 2025 WL 2977712, at *2.

In this case, Mr. He has available to him his pending appeal at the Board of Immigration Appeals as a vehicle to challenge his detention pending removal. As in *Leonardo*, 646 F.3d at 1160, prudential principles of exhaustion counsel that Petitioner pursue his administrative remedies to a final judgment from the Board of Immigration Appeals before seeking a writ of habeas corpus. Though Mr. He asserts violations of the Fifth Amendment's Due Process Clause, the petition invites review of the process due under the Immigration and Nationality Act and its associated

procedures. In other words, any determination regarding detention here turns on interpretation and application of the governing removal regime.

In the first instance, such review should proceed before the Board of Immigration Appeals to "apply its experience and expertise without judicial interference." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (abrogated on other grounds); *see also Rojas-Garcia*, 39 F.3d at 819 (acknowledging that a "petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"); *Monroy Villalta*, 794 F. Supp. 3d at 531; *Laguna Espinoza*, 2025 WL 2878173, at *2; *Ba*, 2025 WL 2977712, at *2.

**II. Futility**

Petitioner makes no argument that exhaustion of his appeals through the administrative process is futile. And for good reason. Courts in this Circuit have determined that even where there is a "high probability of denial" of a petitioner's appeal of an Immigration Judge's bond decision, such a probability "does not weigh in favor of waiving exhaustion." *Hernandez Torrealba*, 2025 WL 2444114, at *11. Indeed, the acting Attorney General remains free to exercise his discretion to use an appeal to the Board of Immigration Appeals to change or modify the policies about which Petitioner complains.

In *Hernandez Torrealba*, the petitioner sought relief from the exhaustion requirement based on a decision of the Board of Immigration Appeals affirming the denial of bond. But the court was "not certain how the BIA will rule on Petitioner's appeal given the particular circumstances of her case, and it would be presumptuous

of this Court to simply assume that the BIA will rule against Petitioner." *Id.* So too here. Petitioner presents relevant background that might appear sympathetic. For this reason, his case might well prove to be one in which the agency changes or refines its policies through agency adjudication. That prerogative belongs in the first instance to the agency, which also has the knowledge and ability and to adopt policies that are more tailored to the statutory scheme it is tasked with implementing in a way that courts are not.

"[M]any of the purposes for requiring exhaustion' may be served by permitting agency review in the first instance.'" *Hernandez Torrealba*, 2025 WL 2444114, at *11 (quoting *Beharry*, 329 F.3d at 62). Indeed, courts outside this Circuit acknowledge that the purposes of requiring exhaustion in the immigration context "include protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Beharry*, 329 F.3d at 62 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992); *McKart v. United States*, 395 U.S. 185, 193–95 (1969)).

For these reasons, the Court cannot say that exhaustion is futile or a waste of time or that prudential reasons apply for excusing it. To the contrary, it promotes judicial restraint, separates the powers and proper roles of the agency and the courts in the administrative regime Congress created, and reserves judicial review from decisions of the agency for the Sixth Circuit.

## CONCLUSION

For these reasons, the Court **DISMISSES** the petition for a writ of habeas corpus **WITHOUT PREJUDICE**. Accordingly, the Court **DENIES AS MOOT** Petitioner's motion for a temporary restraining order (ECF No. 2) and his motion for an expedited hearing (ECF No. 3).

**SO ORDERED.**

Dated: October 7, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio